IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS WESLEY SMITH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-19-CV-189 |
| | § | |
| TARGET CORPORATION | § | JURY DEMANDED |

### PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THOMAS WESLEY SMITH in the above entitled and numbered cause, complaining of and against TARGET CORPORATION, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### I.   DISCOVERY CONTROL PLAN AND DAMAGES ALLEGATION

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3.

2. Plaintiff claims damages in excess of $200,000, but not more than $1,000,000.

### II.  PARTIES

3. Plaintiff THOMAS WESLEY SMITH is a resident of Cameron County, Texas.

4. Defendant TARGET CORPORATION is a Minnesota corporation with its principal office located at 1000 Nicollete Mall, Minneapolis, Minnesota 55403.  Target is authorized to do business in Texas, does business in this District, and may be served with process through its registered agent for service of process, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3136.

### III. JURISDICTION AND VENUE

5. This court has jurisdiction over this case and the damages. Venue is proper in Cameron

County, Texas because all or a substantial part of the events giving rise to the cause of action occurred here.

## IV. FACTUAL BACKGROUND

6.      On or about September 3, 2017, Plaintiff Thomas Wesley Smith was an invitee at Defendant's property in Cameron County, Texas. While shopping in Defendant's store. Mr. Smith slipped and fell on an unreasonably dangerous condition on the store's walking path causing him to suffer injuries and damages.

7.      The injuries inflicted on Plaintiff were proximately caused by the unreasonably dangerous condition existing on Defendant's property which Defendant failed to make reasonably safe. Furthermore, Defendant failed to warn Plaintiff Thomas Wesley Smith of the unreasonably dangerous condition existing on Defendant's property. Defendant's failure to exercise ordinary care caused Plaintiff Thomas Wesley Smith's injuries.

## V. CAUSE OF ACTION FOR PREMISES LIABILITY NEGLIGENCE

8.      Plaintiff Thomas Wesley Smith was on Defendant's premises at the express or implied invitation of the Defendant. Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, control, maintenance and use of the premises to reduce or eliminate unreasonable risks of harm created by the condition of Defendant's premises, which Defendant knew about, or in the exercise of the ordinary care, should have known about.

9.      Defendant was the owner, occupier, manager, and controller of the premises where Plaintiff Thomas Wesley Smith was injured, at the time of the incident described above.

10.     Mr. Smith entered Defendant's premises in response to Defendant's invitation and for their mutual benefit. Accordingly, Mr. Smith was an invitee on Defendant's premises.

11.     The conditions of the premises posed an unreasonable risk of harm. Defendant knew or

reasonably should have known the danger posed by the conditions of the premises.

12.     Defendant had a duty to exercise the degree of care to avoid harm to others under circumstances. This duty includes the duty to inspect and the duty to warn or to cure. Defendant had a reasonable amount of time to identify and cure the condition before Plaintiff slipped and fell. Defendant breached the duty of ordinary care by failing to inspect the premise, warn of the dangers present and repair the premises, or remedy the dangerous conditions before Mr. Smith was injured. At all material times hereto, Defendant, its agents, servants, or employees, breached its duty owed to Plaintiff by negligently maintaining its premises in one or more of the following ways:

a. Negligently and carelessly causing unreasonably dangerous condition;

b. Negligently and careless maintaining its walkways;

c. Negligently and carelessly violated its own company policies and employee training;

d. Negligently and carelessly allowing display materials to be left unsecured on the walking path;

e. Negligently and carelessly creating an unreasonably dangerous condition for customers to slip and fall on;

f. Negligently and carelessly failing to properly inspect and maintain its premises to identify the unreasonably dangerous condition before Plaintiff slipped and fell;

g. Negligently and carelessly failing to remove or eliminate the unreasonably dangerous conditions;

h. Negligently and carelessly failing to take appropriate corrective, or remedial action to prevent the unreasonably dangerous condition;

i. Negligently and carelessly failing to place cones, signs, or otherwise warn or advise the Plaintiff of the unreasonably dangerous condition on the walking path; and

i. Was otherwise negligent at the time and place complained of.

13.     At all material times, Defendant knew or, in the exercise of reasonable care, should have known of the unreasonably dangerous and hazardous condition on its premises and/or the condition had existed for a sufficient length of time so that the Defendant knew or should have known of the condition and could have easily remedied the condition.

14.     Given the nature and extent, Defendant allowed the unreasonably dangerous condition to remain in a high traffic area, and with knowledge of the foreseeable and likely injury to customers, Defendant's negligence amounted to recklessness and indifference to the rights and safety of the public.

15.     As a direct and proximately result of the negligence of the Defendant, as hereinabove alleged, Plaintiff slipped and fell and was caused to suffer bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, physical impairment, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition, if any. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future. Further, Plaintiff will require future medical care and treatment as a result of Defendant's negligence.

16.     Under the theory of *respondeat superior*, the above acts, errors and omissions of Defendant and those of its agents, servants and employees constituted negligence.  At all relevant times, Defendant's agents, servants and employees were acting in the course and scope of their employment with Defendant.  Such negligence caused Plaintiff to sustain injuries and damages for which she now sues.

17.     Defendant's breach of its duties proximately caused Mr. Smith to slip and fall, resulting in Plaintiff suffering injuries and damages.

## VI.  DAMAGES

18.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff

Thomas Wesley Smith suffered personal injuries, and was caused to incur the following damages:

    a.    Physical impairment in the past and future;

    b.    Physical pain and suffering incurred in the past and future;

    c.    Mental anguish incurred in the past and future; and

    d.    Medical expenses that in reasonably probability will be incurred in the future.

19. To the extent Plaintiff suffered from any pre-existing conditions, if any, Plaintiff would show that such pre-existing conditions were aggravated by the occurrence in question.

## VII. RULE 47 STATEMENT

20. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, damages are within the jurisdictional limits of this Court. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of Defendant. The legislative history of this requirement indicates that it is for record-keeping and statistical purposes only for lawsuits filed in the State of Texas. Plaintiff's counsel states that Plaintiff's seeks monetary relief, the maximum of which harms, losses and damages in excess of $200,000 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks prejudgment and post judgment interest at the highest legal rate as well as exemplary damages.

## VIII. U.S. Life Tables

21. Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## IX. REQUEST FOR DISCLOSURE

22.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Request for Disclosure to Defendant.

## X. **PRAYER**

23.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Thomas Wesley Smith, prays that Defendant, TARGET CORPORATION, be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against the Defendant in such amount as will compensate for her losses and damages as stated above, together with interest, both pre and post-judgment; all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

AGUIRRE & SQUARE LAW GROUP, PLLC

By:     */s/ David H. Square*
David H. Square
Texas State Bar No.: 24076013
Federal Bar No.: 1155619
302 Kings Hwy. Ste. 103
Brownsville Texas 78521
(956) 621-4632 - Telephone
(956) 621-4633 – Facsimile
david@squarelawgroup.com
litigation@squarelawgroup.com
litigation@theaguirrelawgroup.com
**ATTORNEY FOR PLAINTIFF
THOMAS WESLEY SMITH**