Case 1:19-cv-00189   Document 26   Filed on 01/13/21 in TXSD   Page 1 of 8
United States District Court
Southern District of Texas
**ENTERED**
January 13, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS WESLEY SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-189 |
| | § | |
| TARGET CORPORATION, | § | |
|     Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 3, 2019, Plaintiff Thomas Wesley Smith ("Smith") filed a complaint in the 103rd District Court in Cameron County, Texas, asserting a claim of premises liability against Defendant Target Corporation. Dkt. No. 1-1. Smith alleges that, on September 3, 2017, he slipped on a sticky substance on the store's floor, causing injuries. Id. On October 3, 2019, Target timely removed the case to this Court. Dkt. No. 1.

On October 14, 2020, Target filed a motion for summary judgment, which is currently before the Court. Dkt. No. 21. Smith timely filed a response. Dkt. No. 25.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Smith has not shown a genuine dispute of material fact as to his premises liability claim.

### I. Background

#### A. Factual Background

On September 3, 2017, Smith was at Target with his wife and son, buying school supplies for his son. Dkt. No. 21-8, p. 7. Smith was walking down an aisle when he fell, landed on his knees and then fell on his back. Id. He did not notice anything on the floor prior to falling. Id. A Target employee came over and identified some spilled yogurt on the floor as the substance that Smith slipped on.

At his deposition, Smith was asked if he knew "how long the yogurt was present on the floor." Dkt. No. 21-8, p. 11. He replied, "No, sir, I don't know." Id. Earlier in his deposition, he speculated that "it had probably been there for a little bit, so, you know,

1

maybe 15, 20 minutes, or 30 minutes," but did not explain how he arrived at that conclusion. Id., p. 9. However, Smith pointed to no evidence raising even an inference as to how long the yogurt had been on the floor.

As to Target's knowledge of the yogurt, Smith was also asked, "Do you have any evidence, sir, that Target knew that there was yogurt on the floor?" Id. He replied, "No, sir, I don't have any evidence." Id.

Smith claims he suffered injuries "to his neck, back, left elbow, left shoulder and left knee." Dkt. No. 21-8, p. 2.

### B. Procedural Background

On September 3, 2019, Smith filed a complaint in the 103rd District Court in Cameron County, Texas, asserting a claim of premises liability against Target. Dkt. No. 1-1. Smith sought damages for medical expenses, physical pain, mental anguish, physical impairment, costs, and interest. Id, pp. 6. Smith pled that he sought damages of between $200,000 and $1,000,000. Id.

On October 3, 2019, Target timely removed the case to this Court based upon diversity jurisdiction. Dkt. No. 1. No party challenges jurisdiction in this Court. Dkt. No. 9, p. 2.

On October 14, 2020, Target filed a motion for summary judgment. Dkt. No. 13. In its motion, Target argued that there is no genuine dispute of material fact as to whether Target had actual or constructive knowledge of any dangerous conditions on their premises. Id.

On November 2, 2020, Smith timely filed a response to the motion for summary judgment. Dkt. No. 25. Smith asserted that there was a genuine dispute of material fact as to whether Target had constructive knowledge of the dangerous condition on the floor. Id.

Target did not file a reply brief.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between

citizens of different States. 28 U.S.C. § 1332(a)(1). In his complaint, Smith seeks damages in excess of $200,000. Dkt. No. 1-1. Furthermore, Smith is a citizen of Texas and Target is a Delaware corporation. Dkt. No. 1. No party disputes these facts. Diversity jurisdiction is clear in this case.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[1] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

That being said, the motion for summary judgment must be decided using the procedures established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

**B. Summary Judgment**

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the

---

[1] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**C. Premises Liability**

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff's injury." Pay and Save, Inc. v. Martinez, ─ S.W.3d ─, ─, 2014 WL 7011799, *2 (Tex. App.-El Paso 2014) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the floor; or (2) the defendant actually knew that the dangerous condition was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Pay and Save, 2014 WL 7011799, *2 (citing Wal–Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)).

## III. Analysis

As the plaintiff, Smith has the burden of proving his claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.–El Paso 2005). Accordingly, Smith must show, for purposes of resolving this motion, that there is, at least, a genuine dispute of material fact as to each element of his claim. Norwegian Bulk Transport A/S, 520 F.3d at 412.

### A. Premises Liability

Smith has asserted a claim of premises liability, namely, that the substance that he slipped on was a dangerous condition that Target had the duty to remedy.

In order to defeat the motion for summary judgement, Smith is required to point to record evidence reflecting: (1) that the substance posed an unreasonable risk of harm; (2) that Target knew or should have known about the danger; (3) that Target failed to reduce or eliminate the risk; and (4) that this failure proximately caused Smith's injury. Pay and Save, 2014 WL 7011799, *2. Neither party challenges the existence of a genuine dispute of material fact as to whether the substance posed an unreasonable risk of harm; or whether Target failed to reduce or eliminate the risk. The Court will assume for the purposes of discussion that the slip-and-fall caused Smith's injuries. Thus, the issue before the Court is whether Target knew or should have known about the danger.

To meet this element, Smith must show that Target: (1) put the substance on the floor; or (2) knew that the substance was on the floor; or (3) that the substance had been on the floor long enough for Target to have had a reasonable opportunity to discover it and remedy the situation. Pay and Save, 2014 WL 7011799, *2.

Smith has never asserted that Target employees placed the substance on the floor or that any Target employee had actual knowledge of the substance. Accordingly, the Court will focus its attention upon whether there is evidence that the substance had been on the floor long enough for Target to have a reasonable opportunity to discover it.

"Temporal evidence, the length of time that the dangerous condition existed, provides the best indication of whether the [defendant] had a reasonable opportunity to discover a dangerous condition." Coward v. H.E.B., Inc., 2014 WL 3512800, *4-5 (Tex. App.-Houston [1 Dist.] 2014) (unpubl.). Indeed, "[t]emporal evidence is necessary for the fact-finder to conclude that the store owner had an opportunity to discover the dangerous condition." Id. (emphasis added).

There is simply no evidence, let alone admissible evidence, in the record showing – or from which a determination can be made – how long the substance had been on the floor. Smith testified that he did not know how long the yogurt was present on the floor and that he had no evidence that Target knew it was there. Dkt. No. 21-8, pp. 9-11. Smith speculated that "it had probably been there for a little bit, so, you know, maybe 15, 20 minutes, or 30 minutes," but did not explain how he arrived at that conclusion. Id., p. 9. Smith's speculation – devoid of any facts that would tend to show its truth – is not competent summary judgment evidence. Lawrence v. Fed. Home Loan Mortg. Corp., 808 F.3d 670, 673 (5th Cir. 2015) ("speculation, improbable inferences, or unsubstantiated assertions" are not competent summary judgment evidence). Smith's testimony provides no temporal evidence as to how the substance ended up on the floor or how long it had been there. Without such evidence, Smith has no evidence that Target had an opportunity to discover the dangerous condition. Coward, 2014 WL 3512800, *4-5.

Smith's citation to Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983), is unavailing. In Corbin, the plaintiff slipped on a grape in the produce department of a grocery store. Id. The plaintiff sued on a theory of premises liability and argued that the display -- which held the grapes -- was the dangerous condition, because there were no non-slip mats present to prevent customers from slipping on grapes and because the bin was slanted in a way that caused grapes to fall on the floor. Id. In Corbin, the plaintiff

6

argued that the store was aware of the ongoing dangerous condition posed by the display, even if the store did not have constructive knowledge of the specific grape that the plaintiff slipped on. Id. The Texas Supreme Court held that, with such facts, the plaintiff could proceed on his premises liability claim. Id.

Unlike the plaintiff in Corbin, there is no evidence that Target created a situation which produced the dangerous condition. Indeed, there is no evidence that the substance was on the floor as the result of any actions by Target employees. Thus, Corbin does not provide any support for Smith's position.

There is no temporal evidence in the record concerning how long the substance, that Smith slipped on, had been on the floor. Given that temporal evidence is a necessary predicate to showing even constructive notice, this failure precludes a genuine dispute of material fact as to this element of premises liability.

Because Smith cannot sustain his burden to show that Target had a reasonable opportunity to discover the dangerous condition, he has failed to meet an essential element of his claim. Furthermore, because there is no evidence that Target should have known about the condition, there is similarly no evidence to show that Target acted unreasonably in failing to reduce or eliminate the risk. For these reasons, Target is entitled to summary judgment as to the premises liability claim.

## IV. Recommendation

It is recommended that Target's motion for summary judgment be granted, Dkt. No. 21.

It is further recommended that judgment be entered for Target and that Smith take nothing, with each party responsible for its own fees and costs.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge

is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 13, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge